UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEE LOGSDON, Petitioner, v. LARRY SCRIBNER, Respondent. | 1:07-CV-0207 OWW JMD HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Stanislaus County Superior Court. A jury convicted him of one count of burglary and one count of petty theft with a prior. The trial court, after finding true allegations of prior strike convictions and four prior prison terms, sentenced Petitioner to 29 years to life in state prison. (Answer at 1-2.)

Petitioner filed an appeal in the California Court of Appeal. The court affirmed the judgment. (Answer at 2; Lodged Docs. 1-4.)

Petitioner filed a petition for review in the California Supreme Court. The court summarily denied review. (Answer at 2; Lodged Docs. 5-6.)

On January 31, 2007, Petitioner filed the instant petition in this Court. The petition raises the following two grounds for relief: 1) Petitioner's rights were violated when the trial court failed to give a unanimity instruction to the jury; and 2) ineffective assistance of trial counsel.

On September 26, 2007, Respondent filed an answer to the petition.

**FACTUAL BACKGROUND**[1]

Prosecution's Case-in-Chief

On September 17, 2003, Kimberly Williams was working as an undercover security officer doing floor patrol at Target. Williams first saw Petitioner in the camera aisle in the electronics department of the store. The area was considered "hot" because of the digital cameras in the area. When Williams first observed Petitioner, he was just looking around. Petitioner was carrying an old Target bag containing something. Williams became suspicious when Petitioner stayed in the area a long time. Williams saw Petitioner put something into his bag but couldn't tell what it was. Williams then followed Petitioner to the sporting goods section where Petitioner took some binoculars off the display rack peg hook and put them into the bag. Petitioner then headed out to the garden area of the store, past a sliding door, pulled out an object, and started cutting something. Petitioner cut the package open, leaving it in the store, and walked toward the exit area of the store. Williams picked up the binocular packaging and followed Petitioner out the door.

Williams contacted Petitioner outside the store with the empty package. Williams testified Petitioner went "ballistic" when she asked him to return to the office with her, dropped everything, and fled. Williams gathered everything up and called police. There was a digital camera and binoculars in the bag along with Petitioner's wallet.

Patrol officer David Mullins responded to the call at Target. Williams described to Mullins what happened at Target. Williams gave Mullins three razor blades, one with duct tape at the end, a wallet, and a day planner along with the Target bag. Williams identified Petitioner who at that time was in the food court at Target. Petitioner, who was cooperative, explained to Mullins that he had exchanged a Polaroid camera for a digital camera. Petitioner also told Mullins that it was a mistake,

[1] The facts are derived from the factual summary set forth by the California Court of Appeal in its opinion of January 19, 2006 and are presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1); Lodged Doc. 1.

that he did not steal the binoculars, although Petitioner admitted he left the store and did not pay for the binoculars.

Defense

In response to a defense subpoena duces tecum, Miguel Lozano, a loss prevention manager at Target, brought a receipt documenting an exchange of a Polaroid camera for a digital camera on September 17, 2003, between 5:00 and 5:45 p.m. However, there was no name on the receipt so it was unknown who transacted the exchange.

Brenda Safrit had worked for Target for some 17 years and was also employed at the Target store when the incident occurred. To further impeach Williams's testimony that she had observed Petitioner take the binoculars from the sporting goods section of Target, Safrit testified that the binoculars are kept in the electronics department of the store, not the sporting goods section, as they are considered a "high-end" item.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus “in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.” 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States” or “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.” 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). “Under the ‘contrary to’ clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts.” Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. “Under the ‘reasonable application clause,’ a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court’s decisions but unreasonably applies that principle to the facts of the prisoner’s case.” Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

## III. Review of Petitioner's Claims

### A. Grounds One, Two, and Four

Petitioner argues that his rights were violated when the trial court did not give a unanimity instruction to the jury. Petitioner claims that the instruction was necessary because the burglary and petty theft charges could have been based on the theft of a camera, the theft of binoculars, or the theft of both.

This claim was presented in an appeal to the California Court of Appeal, which affirmed Petitioner's conviction in a reasoned opinion. (Lodged Docs. 1-4.) The issue was then raised in a petition for review to the California Supreme Court, which summarily denied review. (Lodged Docs. 5-6.) The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal found that a unanimity instruction was not

required on either charge because the prosecutor relied solely on the theft of the binoculars. The court further found that, as to the burglary charge, a unanimity instruction was not required because Petitioner was merely being prosecuted under different theories of liability rather than for multiple, discrete crimes. (Lodged Doc. 1 at 4-6.)

"[T]he Supreme Court has not held that the Constitution imposes a jury unanimity requirement." Hoover v. Johnson, 193 F.3d 366, 369 (5th Cir. 1999) (quotation marks omitted); see also Schad v. Arizona, 501 U.S. 624, 631-32 (1991); Johnson v. Louisiana, 406 U.S. 356, 359-62 (1972); Steward v. Adams, 2008 WL 2849896, *9 (C.D. Cal. 2008). However, "[w]hile federal law does not establish a unanimous jury requirement for state-court proceedings . . . [t]he Supreme Court has held that, when a state guarantees a structural protection, it violates the Due Process Clause of the federal Constitution if it fails meaningfully to vindicate that guarantee." Hoover, 193 F.3d at 370. Under California law, a jury verdict in a criminal case must be unanimous and the jury must agree unanimously that the defendant committed the same criminal act. People v. Russo, 25 Cal.4th 1124, 1132 (2001); People v. Gunn, 197 Cal.App.3d 408, 412 (1987).

The state court's determination that a unanimity instruction was unnecessary was not unreasonable. The prosecutor, in her opening statement, stated that Petitioner entered the Target store, cut open a package of Eddie Bauer binoculars with a razor blade, and left the store with the binoculars in a bag he had brought into the store. (RT at 39.) The prosecutor explained that the burglary charge would be proven with evidence that Petitioner brought in the razor blade and bag, which showed his intent to steal, and that the petty theft charge would be proven with evidence showing Petitioner intended to permanently deprive Target of its binoculars. (Id.) The prosecutor never mentioned the camera during her opening statement. (Id. at 38-40.) Similarly, during her closing and rebuttal arguments, the prosecutor focused on Petitioner leaving the store with the binoculars. (RT at 192-95, 208-09.) She did not argue that the jury should find Petitioner guilty based on taking the camera. (Id.)

Because the prosecutor made clear that the charges were based solely on the taking of the binoculars, Petitioner has not shown that the trial court did not meaningfully vindicate his right under state law to a unanimous jury verdict by failing to give a unanimity instruction.

**B. Ground Two**

Petitioner argues that his trial counsel was ineffective in not requesting a unanimity instruction.

This claim was presented in an appeal to the California Court of Appeal, which affirmed Petitioner's conviction in a reasoned opinion. (Lodged Docs. 1-4.) The issue was not presented in the petition for review to the California Supreme Court. (Lodged Doc. 5.) Petitioner has therefore failed to properly exhaust the claim by fairly presenting it to each of the appropriate state courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (stating that, before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies by presenting his claim "in each appropriate state court").

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). The Ninth Circuit has interpreted section 2254(b)(2) to allow a federal court to deny an unexhausted petition on the merits "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998). In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different." Id. at 694.

Here, because the prosecutor made clear that the charges were based solely on the taking of the binoculars, the trial court was not required to give a unanimity instruction. It is therefore perfectly clear that Petitioner has not raised even a colorable claim of deficient performance by

counsel or prejudice.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: October 9, 2008** **/s/ John M. Dixon**
UNITED STATES MAGISTRATE JUDGE